Brandt L. Wolkin, Esq.  (SBN 112220)
Jennifer L. Elowsky, Esq. (SBN 230739)
Catharine M. Tolson, Esq.  (SBN 271223)
WOLKIN · CURRAN, LLP
111 Maiden Lane, Sixth Floor
San Francisco, California  94108
Telephone:     (415) 982-9390
Facsimile:      (415) 982-4328
bwolkin@wolkincurran.com
jelowsky@wolkincurran.com
ctolson@wolkincurran.com

Attorneys for Plaintiff
ROCKHILL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA -

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROCKHILL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC.; and DOES 1-50,<br><br>Defendants. | Case No.: 3:21-CV-09408-TSH<br><br>**ROCKHILL INSURANCE COMPANY'S FIRST AMENDED COMPLAINT FOR: (1) EQUITABLE CONTRIBUTION – DEFENSE; (2) EQUITABLE CONTRIBUTION – INDEMNITY; AND (3) DECLARATORY RELIEF** |

COMES NOW Plaintiff, ROCKHILL INSURANCE COMPANY ("Rockhill"), by and through its attorneys, asserting its First Amended Complaint for claims of relief against Defendants, and each of them, as follows:

**NATURE OF ACTION AND RELIEF SOUGHT**

1. This insurance coverage action arises out of an underlying construction defect matter entitled *Benicia Mullikin v. Kelly Domer Partners, Inc.,* San Francisco County Superior Court Case No. CGC-19-574232 (the "Underlying Action"), relating to the renovation of the Mullikin Residence at 28 25th Avenue in San Francisco, California (the "Property").

///

1.

**FIRST AMENDED COMPLAINT**                                        CASE NO. 3:21-CV-09408-TSH

2. Defendant Associated Industries Insurance Company, Inc. ("Associated Industries"), has failed and refused to honor its defense obligation to the parties' mutual insured, Kelly Domer Partners, Inc. dba Kelly Pacific Construction Co. ("Kelly Pacific"), with respect to the Underlying Action, causing Rockhill to incur a disproportionate share of defense of Kelly Pacific in the Action.

**THE PARTIES**

3. Rockhill was, at all relevant times herein, a corporation organized and existing under the laws of the State of Arizona, with its principal place of business in Missouri. Rockhill was and is authorized to transact business in the State of California.

4. Rockhill alleges on information and belief that Associated Industries is a Florida corporation with its principal place of business in Florida, and is authorized to transact business in the State of California.

5. DOES 1 through 50, inclusive, are sued herein under fictitious names. Their true names, capacities and respective liabilities are unknown to Rockhill at this time. When their true names, capacities, and respective liabilities are ascertained, Rockhill will seek leave to amend this Complaint to assert the true names, capacities, and liabilities.

6. Rockhill is informed, believes, and thereon alleges that each defendant was, and at all times mentioned herein is, acting as an agent and/or employee for other defendants, and each of them, and at all times was acting within the course and scope of said agency and/or employment.

7. Rockhill is informed, believes, and thereon alleges each Defendant designated as "DOE" is in some manner liable or responsible to Rockhill and/or involved in some manner on the facts alleged herein.

**JURISDICTION**

8. This Court has jurisdiction under 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

///

9. The amount in controversy includes, but is not limited to, the sums that Rockhill contends the Defendants owe in connection with Kelly Pacific's defense in connection with the Underlying Action.

### **VENUE**

10. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the alleged events and/or omissions giving right to the claims occurred here, including but not limited to the Property at issue being located in this District, the Underlying Action being venued in this District, and the Defendants breaching their obligations owed in this District.

### **INTRADISTRICT ASSIGNMENT**

11. Pursuant to Local Rule 3-2, assignment of this case to the San Francisco Division is proper because the action arises in the San Francisco Division due to the Property at issue being located in the San Francisco Division, the Underlying Action being venued in the San Francisco Division, and the Defendants breaching their obligations owed in the San Francisco Division.

### **GENERAL ALLEGATIONS**

#### **The Underlying Action**

12. Rockhill is informed and believes and based thereon alleges that the Sprague Mullikin Living Trust, owners of the Property, entered into an AIA contract with general contractor Kelly Pacific on or about October 10, 2013 for a renovation of the Property.

13. Kelly Pacific thereafter entered into a subcontract with Defendant's named insured, Diamond DSP, Inc. on September 14, 2016 to perform stucco work at the Property.

14. The subcontract required Diamond DSP to name Kelly Pacific as an additional insured on their respective Commercial General Liability Policies as follows:

> SECTION 12. INSURANCE.  Subcontractor shall, at its expense, procure and maintain insurance on all of its operations, with carriers acceptable to Contractor, and in amounts acceptable to Contractor and as required by the prime contract, including the following coverages:
>
> 12.1 Casualty Insurance

      a.   Workers Compensation and Employers Liability Insurance
      b.   Commercial General Liability Insurance (ISO Form CG 00 01) covering all operations and
      c.   Automobile Liability Insurance, including coverage for all owned, hired and non-owned automobiles

All insurance coverage shall be in amounts and for durations acceptable to Contractor and as required by the prime Contract, Subcontractor shall name Contractor as an additional insured under the Commercial Liability policy using ISO Form CG 20 10.  Subcontractor shall provide certificate of insurance to Contractor prior to commencement of the work.

      15.      On March 4, 2019, underlying plaintiff Benicia Mullikin (co-trustee of the Sprague Mullikin Living Trust) filed a Complaint in the San Francisco Superior Court against Kelly Pacific, alleging construction defects and damages arising out of the work performed at the Property.

      16.      The Underlying Action includes allegations of significant property damage arising out of Diamond SP's stucco work including but not limited to water leaking into the interior of the Property through the stucco, causing resultant property damage.

      17.      On October 31, 2019, Kelly Pacific filed a Cross-Complaint in the Underlying Action against Diamond DSP, and other subcontractors, asserting causes of action for Breach of Contract (failure to defend), Breach of Contract (failure to insured), Express Indemnity, Equitable Indemnity, Contribution, and Declaratory Relief.

**The Insurance Policies**

      18.      Rockhill issued primary Commercial General Liability policy number RCGLPG00642-03, effective June 7, 2017 through June 7, 2018, to Kelly Pacific (the "Rockhill Policy").  Kelly Pacific tendered its defense to Rockhill who agreed to participate in Kelly Pacific's defense in the Underlying Action subject to a reservation of rights.

      19.      Rockhill is informed and believes and based thereon alleges that Associated Industries issued one or more primary Commercial General Liability policies to Diamond DSP (the "Associated Industries Policies") which provided coverage in connection with the Underlying Action.  Kelly Pacific's defense and indemnity as an additional insured under the Associated Industries Policies was tendered to Associated Industries not later than April 30, 2019.

20. On December 7, 2021, for the first time, Associated Industries responded to the additional insured tender, and denied any obligation to defend or indemnify Kelly Pacific in connection with the Underlying Action. Rockhill alleges that the denial is improper. For example, Associated Industries asserted, as one basis for its denial, that no property damage was caused, in whole or in part, by Diamond DSP's work prior to completion of the Property on April 2, 2018. This is incorrect. The window scratches that implicate Diamond DSP's scope of work are alleged to have occurred in March of 2018. The stucco cracks and resultant damage therefrom are also alleged to have occurred in this same time period.

21. On April 30, 2019, Kelly Pacific also tendered its defense to Allied World Insurance Company ("Allied") who issued coverage to the painting subcontractor, Giesen Painting Co. Allied World acknowledged an obligation was triggered on behalf of Kelly Pacific as an additional insured under the coverage it issued to Giesen Painting Co.

22. Rockhill is informed and believes and based thereon alleges that the insurance policies issued by DOES 1 through 50 to Kelly Pacific and/or its subcontractors provide additional insured Commercial General Liability coverage to Kelly Pacific for the allegations in the Underlying Action.

23. Rockhill is informed and believes and based thereon alleges that Kelly Pacific tendered the Underlying Actions to each of the DOES 1 through 50, and said DOES 1 through 50 either refused to defend Kelly Pacific or did not respond to the tenders.

### Partial Settlement of the Underlying Action

24. On December 8, 2021, a partial settlement of the Underlying Action was reached as between Kelly Pacific and underlying plaintiff Benicia Mullikin as co-trustee of the Sprague Mullikin Living Trust ("Mullikin"), and settlement was reached as between Kelly Pacific and Cross-Defendant Giesen Painting Co. As part of the settlement of the claims and disputes between Kelly Pacific and Giesen Painting Co., Giesen Painting Co. and its carrier, Allied, assigned to Rockhill all rights, interests, claims, causes of action or any

///

FIRST AMENDED COMPLAINT                             CASE NO. 3:21-CV-09408-TSH

kind that Giesen Painting Co. or Allied have or may have against Diamond DSP or Associated Industries in connection with or arising out of the Underlying Action.

## FIRST CAUSE OF ACTION

### (Equitable Contribution -Defense)

25. Paragraphs 1-24, inclusive, are incorporated by reference as though fully set forth herein.

264. The allegations against Kelly Pacific in the Underlying Action were for damages potentially covered by the Associated Industries Policies and/or policies issued by the DOE Defendants.

27. Defendants were obligated to defend Kelly Pacific in the Underlying Action under their respective policies.

28. Defendants have failed and refused to participate in the Kelly Pacific's defense of the Underlying Action on Kelly Pacific's behalf.

29. As a consequence of Defendants' failure and refusal to fulfill their obligations to defend Kelly Pacific, Rockhill has and continues to incur more than its equitable share of the costs of defense.

30. As a result of Defendants' wrongful conduct, Rockhill is entitled to an award of equitable contribution to reimburse it for the inequitable costs it has incurred or will incur toward the defense of Kelly Pacific in connection with the Underlying Action.

## SECOND CAUSE OF ACTION

### (Equitable Contribution – Indemnity)

31. Paragraphs 1-30, inclusive, are incorporated by reference as though fully set forth herein.

32. Associated Industries was obligated to indemnify Kelly Pacific in the Underlying Action.

33. Associated Industries has failed and refused to contribute toward the settlement of the Underlying Action on Kelly Pacific's behalf.

///

34. Rockhill is informed and believes and based thereon alleges that the Associated Industries Policies provide the same or substantively similar level of coverage to Kelly Pacific as Rockhill's policies.

35. Based on the foregoing, Rockhill seeks contribution from Associated Industries for its equitable share of the settlement amounts that have been and will continue to be incurred by Rockhill on behalf of Kelly Pacific in connection with the Underlying Action.

### THIRD CAUSE OF ACTION

### (Declaratory Relief)

36. Paragraphs 1-35, inclusive, are incorporated by reference as though fully set forth herein.

37. An actual and justiciable controversy has arisen and now exists between Rockhill and Defendants concerning their respective rights, duties and obligations under their respective policies. Rockhill contends that Defendants had a duty to fully and completely defend and indemnify Kelly Pacific in the Underlying Action. Rockhill is informed, believes, and thereon alleges that Defendants contend otherwise.

38. Rockhill contends it has overpaid beyond its equitable share to defend and indemnify Kelly Pacific in connection with the Underlying Action. Rockhill is informed, believes, and thereon alleges that Defendants contend otherwise.

39. A judicial declaration is necessary and appropriate at this time so that the Parties may ascertain their rights, duties, and obligations under their respective policies, and Rockhill requests such a declaration through this action.

### **PRAYER**

Wherefore, Rockhill asks for judgment and seeks the following relief from this Court against Associated Industries and DOES 1 through 50:

1. A judicial determination of the respective rights, duties, and obligations of Rockhill and Defendants with respect to the duties to defend and indemnify Kelly Pacific in connection with the Underlying Action;

2. For an award of damages in favor of Rockhill in an amount to equitably allocate the costs incurred to defend and indemnify Kelly Pacific in connection with the Underlying Action;

3. For pre-judgment interest on all sums awarded at the legal rate;

4. For an award of Rockhill's costs in this action; and

5. For such other relief as the Court deems just and proper.

Dated: December 16, 2021

WOLKIN • CURRAN, LLP

*/s/ Catharine M. Tolson*

By: _____
Jennifer L. Elowsky, Esq.
Catharine M. Tolson, Esq.
Attorneys for Plaintiff
ROCKHILL INSURANCE COMPANY

8.

**FIRST AMENDED COMPLAINT**   CASE NO. 3:21-CV-09408-TSH